IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODERICK LEBARRON KELLY,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 18-00123-KD-B |
| **FEDERAL HOME LOAN MORTGAGE CORP.,** *et. al.*, | : |
| **Defendants.** | : |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c), is before the Court on review. Based upon a careful review of the record, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to obey orders of this Court and for failure to prosecute.

**I. Background**

Plaintiff filed the instant action on March 15, 2018 against Defendants Federal Home Loan Mortgage Corporation, NationStar Mortgage, and JoJo Schwarzauer. (Doc. 1). Plaintiff requested and was granted permission to proceed without prepayment of fees. (Docs. 2, 7, 8). In screening Plaintiff's complaint, the Court, on April 23, 2018, entered an order observing that Plaintiff's complaint, which spanned some forty-five pages,

consisted mostly of rambling assertions that are virtually impossible to decipher. (Doc. 9). In the complaint, Kelly alleges that he was making the mortgage payments on his mother's house, and at some point, he became ill and was unable to make the payments. He further alleges that he has attempted to speak with the mortgage company regarding the mortgage, but the company has been unwilling to speak with him. (Id.). The Court advised Kelly that the complaint as drafted is woefully inadequate, and directed him to file an amended complaint, identifying the basis of the Court's jurisdiction. (Id.). Kelly was also directed to provide sufficient factual information so as to place the Defendants and the Court on notice of the actions purportedly taken by each Defendant to violate Plaintiff's rights. (Id.). Kelly was directed to file the amended complaint by May 23, 2018. (Id.). On three separate occasions, Kelly filed motions requesting extensions of time. (Docs. 10, 12, 14). Kelly's motions were granted, and in an order dated August 9, 2018, Kelly was directed to file his amended complaint no later than August 23, 2018. (Docs. 11, 13, 16). Additionally, Kelly was directed to personally appear for a status conference on August 30, 2018,[1] and was cautioned that if he did not file the amended complaint and appear for the status

---

[1] The status conference was originally scheduled for August 6, 2018, but was later rescheduled for August 23, 2018 because it was not clear from the docket that all parties received notice. (Docs. 15, 16).

2

conference as directed, he would be subject to sanctions, including the dismissal of his case. (Doc. 16). Kelly did not file the amended complaint or appear for the status conference.

**II. Analysis**

"District courts possess inherent power to sanction errant litigants before them." Hudson v. Cardwell Corp., 2006 U.S. Dist. LEXIS 55306, *3, 2006 WL 2135791, *1 (S.D. Ala. July 27, 2006). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order, where litigant was forewarned that failure to comply with the court's order could result in dismissal.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a[n] . . . entire action for failure to prosecute or

3

obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Plaintiff's repeated failure to comply with this Court's Orders (Docs. 9, 11, 13, 16) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, the Court finds that no other lesser sanction than dismissal without prejudice will suffice.

**III. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **31st** day of **August, 2018.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**